IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>*Plaintiff(s)* )<br>)<br>v. )<br>)<br>Donald Ryan Mullenix )<br>_____ )<br>*Defendant(s)* ) | Case:    4:22-CR-334<br><br>Judge:   James M. Moody, Jr. |

**DEFENDANT'S REQUEST FOR A HEARING IN
OPPOSITION OF MEDICAL REPORT AND REQUEST FOR SUPPLEMENTAL
BRIEFING OR EXTENSION OF RESPONSE DEADLINE**

COMES NOW, Donald Ryan Mullenix, by and through their attorney, Christopher Baker of the James Law Firm, and for their request for a hearing in opposition of medical report findings states as follows:

1. Defendant previously appeared before the court on November 9th, 2022. At this appearance, the Defendant was directed into the custody of the U.S. Marshals and was to be transported for a medical evaluation by the Bureau of Prisons.

2. Defendant was evaluated, in part, by Jessica Micono, Psy. D. Ms. Micono submitted an evaluation report dated February 1, 2023.

3. Ms. Micono spent a scant seven hours and forty-five minutes conducting evaluations with Mr. Mullenix; as the report notes, much of this time was spent with Mr. Mullenix taking assessments and having extraneous conversations, which have likely significantly inflated the overall assessment time – on an already short time period.

4. The report indicates that supplemental information was gained through contact with Defense attorneys. This assertion is suspect.

5. To date, the undersigned Defense Counsel had been unable to establish contact with the previously appointed counsel, despite multiple calls to their office. Additionally, there appear to be no formal inquiries for additional records and documents, notices that important and relevant documents related to the physicians, who diagnosed Mr. Mullenix, were unable to be contacted and documents unable to be received.

6. The report fails to document any interviews, witnesses, contact with family members. All these items are crucial to developing an accurate and reasoned assessment of the mental health of an individual. Such requests appear to be negligently omitted.

7. The report identifies "Emails" but no e-mails have been provided to the Defense in this matter. While the criminal complaint contains excerpts, no actual evidence has been presented or submitted in this case. Digital communications require completeness so that overall context could be understood. *See* Fed. Rule Evid. 106. Such isolated and selective presentation does not provide an appropriate foundation for medical diagnosis.

8. The report documents no follow ups, no e-mails, no contact to the Defense team to obtain missing records. There is no documentation or reasoning in the reported noted why such simple and basic efforts were not expended. Not even an e-mail or notation that the Defense may be need to make efforts to obtain necessary documents. This is basic stuff that should have absolutely been completed.

9. Moreover, the examiner provided is not qualified to opine on the chemical interactions and involvement of pharmaceuticals. Mr. Mullenix had been prescribed a wide variety of medications that have varying interactions with Mr. Mullenix and other medications. As a psychologist, Ms. Micono is extremely unlikely that she holds qualifications and certifications necessary to be a prescribing physician. It is further unlikely that she has the necessary qualifications in chemistry and pharmacology to properly formulate an opinion in that field.

10. Because of the numerous shortcomings, the Defense objects to all medical findings, diagnosis, and opinions outlined in the report as they lack an informed and reasoned basis of opinion. This shortcoming is exacerbated by subpar levels of effort being extended in obtaining and collecting documentation, communication with parties, and clinical investigation efforts conducted by the examiner.

11. Next, the Defense intends to locate relevant experts to present competent medical evidence in opposition to the report. To facilitate this, a request for supplemental briefing or the hearing is necessary.

12. The Defense requests that the response deadline or hearing be continued to a sufficient point to allow for experts to be retained and conduct an evaluation of the Defendant.

13. The Defense requests that the timeline of continuance be 90 days, which should be sufficient time to locate and hire experts, and have the Defendant examined.

14. The time period for this delay should be excluded under 18 U.S.C. § 3161(h)(7)(a). This subsection applies because an order granted here would be at the request of the Defendant. 18 U.S.C. § 3161(h)(7)(a).

15. The Defendant waives his right to a speedy trial for the duration of additional that is caused by this motion and time is excludable under the Speedy Trial Act.

16. Continuing the response in this matter would be appropriate. The Defendant has yet to be arraigned and there would likely be no interest offended by allowing time for a proper and thorough medical evaluation.

17. Failure to grant a continuance to allow for expert response would prejudice the Defendant by allowing uncontested and inaccurate testimony to be entered into the record.

WHEREFORE, Defendant prays that the response deadline be further extended or that supplemental briefing be authorized, and that a hearing be scheduled for this matter in accordance with the Court's previous order.

Dated: March 15, 2023                                         Respectfully submitted,

/s/ Christopher Baker

Christopher Baker, Esq.
Arkansas Bar No. 2022124
*Attorney for Ryan Mullenix*
chris@jamesfirm.com
James Law Firm
1001 La Harpe Blvd.
Little Rock, AR 72201
Telephone: 501-375-0900
Fax: 501-375-1356

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant Donald Mullenix's above motion was electronically filed and served on the Court's electronic filing system. A copy of the filing will be made to any parties not associated with the CM/ECF filing system.

Dated: March 15, 2023                                         Respectfully submitted,

/s/ Christopher Baker

Christopher Baker
Arkansas Bar No. 2022124
*Attorney for Ryan Mullenix*
Telephone: 501-375-0900
Fax: 501-375-1356