IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.                                                   Case No. 4:22-cr-00334-JM-1

DONALD RYAN MULLENIX

## ORDER

The prosecution is not entitled to a detention hearing in every case. I found the Government was not entitled to a hearing in this case and released Defendant on an Order Setting Conditions of Release. (Doc. No. 39.) This Order explains my rationale for making this finding.

On May 24, 2023, the Court scheduled a hearing pursuant to the Bail Reform Act in the above styled case. Upon convening court, the defense argued that the prosecution was not entitled to a detention hearing pursuant to 18 U.S.C. § 3142(f). The legislative history of the Bail Reform Act states that "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial," *see* S.Rep. No. 225, 98th Cong., 2d Sess. 20, *reprinted* in 1984 U.S.Code Code & Admin.News 3182, 3203; *see also United States v. Salerno*, 481 U.S. 739, 747 (1987) ("The Bail Reform Act carefully limits the circumstances under which [preventive] detention may be sought to the most serious of crimes.")

The Court inquired as to whether Mr. Mullenix was charged with a crime of violence under section (f)(1)(A) and both sides agreed it did not apply given the three-year statutory maximum penalties involved. Nevertheless, the prosecution vigorously argued they were entitled to hearing under section (f)(2) - citing concerns that Mr. Mullenix would not be compliant with conditions. I pointed out that the (f)(2) language was unique as it specifically required a "serious risk that such

person will *flee*," as opposed to risk of nonappearance cited elsewhere in the statute.[1]  The prosecution responded that the "jail calls" indicated Defendant was in fact likely to flee.  I requested a synopsis of those calls and was not persuaded Mr. Mullenix's statements amounted a *serious* risk of flight. The prosecution offered to play the calls but reported they needed "fifteen minutes" to produce them.

The Court took a recess to deliberate and consult the Bail Reform Act when the parties requested to come back to chambers.  I denied that request and went back on the record.  I offered the prosecution the opportunity to play the calls, but instead, the prosecution argued - *vociferously* - that section (2)(B) applied.

18 U.S.C. § 3142(f)(2)(B) allows for a detention hearing involving "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."  The prosecution argued that conduct charged in the indictment met the obstruction provision of the statute.  I find this argument unpersuasive.  I conclude that the plain language of the Act contemplates *prospective* threatening, injuring, or intimidating.

In a somewhat similar case, the United States Court of Appeals for the First Circuit addressed these concerns.  A defendant was federally charged with white collar crimes not enumerated in section (f)(1)(A) but evidence revealed he had been involved in a plot to injure and then kill his girlfriend's husband.  The Court considered section (f)(2)(B) in this context and held, "If the husband is likely to be a material witness against defendant on the present federal charges

---

[1] The Bail Reform Act contemplates the risk a person will "flee" in only two provisions and risk of nonappearance in eleven.  18 U.S.C. § 3142.  So clearly the Act distinguishes between them.

and if there is a serious risk that defendant *will attempt to intimidate* the husband if released, the statute authorizes detention (provided no condition or combination of conditions would reasonably assure the husband's safety, § 3142(e))." *U.S. v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988)(emphasis added.)  In Mr. Mullenix's case, I find the prosecution failed to show he poses a serious risk – *going forward* - as set out in section (f)(2)(B).

Accordingly, I find:

1)  This case does not involve an offense listed in 18 U.S.C. § 3142(f)(1);

2)  The attorney for the Government has not shown, and I do not find there is a serious risk Mr. Mullenix will flee pursuant to 18 U.S.C. § 3142(f)(2)(A);

3)  The attorney for the Government has not shown, and I do not find there is a serious risk that Mr. Mullenix will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror pursuant to 18 U.S.C. § 3142(f)(2)(B);

4)  The Government's motion for a detention hearing is DENIED.

SO ORDERED this 30th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE