IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                              No. 4:22-CR-00334-JM
                                No. 4:24-CV-00210-JM

DONALD RYAN MULLENIX                                                                        DEFENDANT

# ORDER

On September 14, 2023, Defendant pleaded guilty to two counts of threatening a member of the Federal Judiciary. (ECF No. 62). On February 20, 2024, the Court sentenced Defendant to 16 months in prison, followed by two years of supervised release. (ECF No. 85). He did not appeal.

On March 5, 2024, Defendant filed a pro se § 2255 motion before the Court asserting ineffective assistance of counsel. On March 7, 2024, Defendant filed an amended pro se motion stating that he was removing all reference to 28 U.S.C. § 2255 and instead made the same ineffective assistance of counsel argument under Rule 35(a), the First Step Act, the Second Chance Act, and 18 U.S.C. § 3582 for compassionate release.

Defendant's first motion alleging ineffective assistance of counsel under § 2255 was untimely because it was filed before his conviction was final.

Defendant's amended motion alleging ineffective assistance of counsel is not cognizable under Federal Rule of Criminal Procedure 35(a). "An ineffective assistance of counsel claim does not fit in Rule 35(a)'s narrow scope. . .. Ineffective assistance of counsel claims are mixed questions of law and fact that typically should be raised in collateral proceedings under 28 U.S.C. § 2255, where the factual record can be fully developed." *United States v. Jett*, 782 F.3d

1050, 1052 (8th Cir. 2015) (citing *Scott v. United States*, 473 F.3d 1262, 1263 (8th Cir.2007) ("Questions of ineffective assistance of counsel are mixed questions of law and fact."); *United States v. Lindsey*, 507 F.3d 1146, 1148 n. 4 (8th Cir.2007) (per curiam) ("Complaints regarding counsel's performance should be presented, if at all, in a 28 U.S.C. § 2255 proceeding where the record can be properly developed."); *United States v. Harris*, 310 F.3d 1105, 1112 (8th Cir.2002) (same)). Accordingly, the Court denies Defendant's motion under Rule 35(a).

Mr. Mullenix also argues in his amended motion that his sentence should be reduced pursuant to the First Step Act, the Second Chance Act, 18 U.S.C. §3582 for compassionate release, and any other relief to which the Defendant may be entitled. Mr. Mullenix states he believes that home confinement is warranted for the following reasons: (1) he can resume quality mental health treatment, (2) receive his prescribed medications, (3) complete dental repairs, (4) maintain checkups and laboratory testing for his thyroid, (5) engage in online courses to prepare for a new career, (6) assist his parents with home repairs and tasks which they are physically unable to complete, and (7) help his parents with routine household chores.

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

> (1) in any case--
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

  (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582 (West).

Mr. Mullenix does not allege that he has exhausted his administrative remedies. In fact, he has not been designated to a Bureau of Prisons facility yet, so it is impossible for him to do so. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Accordingly, the Court does not have jurisdiction to modify Mr. Mullenix's sentence. Even if the Court had jurisdiction to modify his sentence, Mr. Mullenix's reasons for modification do not rise to the level of "extraordinary or compelling."

  Mr. Mullenix contends that the Court should place him on home confinement for the remainder of his term of imprisonment. "The Second Chance Act of 2007, the First Step Act, and the CARES Act merely give eligible inmates the possibility of being considered for home confinement. Although the various actions of Congress have expanded the potential opportunities for home confinement, Court have observed that "it is [the] BOP—not the courts—

3

who decides whether home detention is appropriate ...." *Williams v. Birkholz*, 2021 WL 4155614, *3 (D. Minn. July 20, 2021) (citing 18 U.S.C. § 3624(c)(2)). The Court does not have authority to order Mr. Mullenix to be placed on home confinement.

Further, allowing Mr. Mullenix to live at home for the remainder of his sentence would not promote respect for the law, provide just punishment, reflect the seriousness of his offense, or adequately deter Mr. Mullenix and others from committing the offense in the future. *See* 18 U.S.C. § 3553(a)(2)(A).

Mr. Mullenix's motions (ECF Nos. 87 and 88) are DENIED.

IT IS SO ORDERED this 15th day of March, 2024.

_____
James M. Moody Jr
United States District Judge