**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

v.                     **No. 4:22-CR-00334-JM**
                       **No. 4:24-CV-00210-JM**

**DONALD RYAN MULLENIX**                                                   **DEFENDANT**

## ORDER

Mr. Mullenix has filed a pro se motion for leave to appeal *in forma pauperis* (Doc. No. 92) and for appointment of counsel. The *in forma pauperis* motion is incomplete and, therefore, is DENIED without prejudice. The Clerk of the Court is directed to send Mr. Mullenix an IFP application, including a certificate and calculation sheet, along with a copy of this Order. Mr. Mullenix wishes to proceed with this case, he must either pay the $402 filing and administrative fee, or file a completed IFP application, including a signed certificate and calculation sheet.

Mr. Mullenix also asks the Court to appoint counsel to assist him with the appeal of his sentence. There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings; rather, the appointment of counsel is at the discretion of the court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Green v. United States*, 262 F.3d 715, 718 (8th Cir. 2001) ("[T]he Constitution does not guarantee [movant] a right to counsel in this collateral proceeding"). The general rule is that the Court may appoint counsel in a § 2255 case if the interests of justice so require. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Mr. Mullenix has shown he can communicate his arguments. Therefore, the Court DENIES his request for appointment of counsel.

To the extent Mr. Mullenix is requesting a certificate of appealability, the request is DENIED. For this Court to grant a certificate of appealability, the petitioner must make a

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). A "substantial showing" is one in which a petitioner demonstrates that his "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (discussing necessary showing under previous law dealing with certificates of probable cause). Mr. Mullenix has failed to make a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED this 4th day of April, 2024.

_____
UNITED STATES DISTRICT JUDGE